UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRADIN ORGANICS USA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADVANTAGE HEALTH MATTERS, INC.,<br><br>Defendant. | Case No.  5:14-cv-02041-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

Presently before the Court is Defendant Advantage Health Matters, Inc.'s ("Defendant") Motion to Dismiss Plaintiff Tradin Organics USA, LLC's ("Plaintiff") complaint. The Court found these matters suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b) and previously vacated the hearing. Having fully reviewed the parties' briefing, the Court DENIES the motion.

**I.   BACKGROUND**

Plaintiff is a wholesale supplier of raw food ingredients, including organic chia. Dkt. No. 2 ("Compl.") at ¶ 7. It is a limited liability company with its place of incorporation in Delaware and its principal place of business in California. Id. at ¶ 1. Defendant is an independent retail marketer of whole food and natural health products. Id. at ¶ 2. It is a corporation with its place of incorporation and principal place of business in Ontario, Canada. Id.

Plaintiff alleges that on February 19, 2013, it entered into a written contract with Defendant whereby Plaintiff would sell organic chia to Defendant (the "Sales Contract"). Id. at ¶ 8; Dkt. No. 2-1, Exh. 1. According to the Sales Contract, Defendant would purchase 9,600 bags

1

Case No.: 5:14-cv-02041-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

weighing 25 kilograms each for a total purchase of 529,104 pounds. Compl. at ¶ 9. The price agreed upon was $4.10 per pound, amounting to a total value of $2,169,326.40. Id. The Sales Contract also provided that the organic chia would be tendered monthly, from September 2013 to August 2014, to a warehouse in New Jersey. Id. at ¶¶ 9-10.

Plaintiff alleges that in August 2013, the parties communicated to discuss the first shipment that would be made in September 2013. Id. at ¶ 11. In September 2013, the first shipment was made to the warehouse in New Jersey, but Defendant allegedly did not pick it up. Id. at ¶¶ 12-14. In January 2014,[1] Defendant allegedly made arrangements to pick up the organic chia that had been tendered in September. Id. at ¶ 15. Plaintiff alleges that this is the only installment of organic chia that Defendant has accepted. Id.

On February 21, 2014, Plaintiff alleges that it provided Defendant with a written demand that Defendant accept delivery of the five installments Plaintiff had tendered, and Plaintiff provided Defendant with a schedule for the remaining six installments due under the Sales Contract. Id. at ¶ 20. One week later, Defendant allegedly notified Plaintiff that it considered the Sales Contract null and void because Plaintiff had failed to timely tender the organic chia. Id. at ¶ 21.

Plaintiff alleges that as of the date of the complaint, it has tendered all eight installments due under the Sales Contract, but Defendant has only accepted the September 2013 shipment and refused to accept the remaining seven of those installments. Id. at ¶¶ 15, 19. The agreed-upon amount of organic chia has allegedly been tendered at the warehouse in New Jersey, and each shipment has allegedly conformed to the specifications listed on the product specification sheet. Id. at ¶¶ 16-18; Dkt. No. 2-1, Exh. 2.

Plaintiff commenced the instant action on May 5, 2014. See Dkt. No. 2. It alleges two claims: (1) breach of contract for Defendant's alleged failure to receive delivery of the chia and refusal to pay for the chia; and (2) breach of covenant of good faith and fair dealing for

---

[1] In its complaint, Plaintiff alleges that in "January 2013," Defendant picked up the shipment. Compl. at ¶ 15. The Court presumes that Plaintiff meant January 2014, not January 2013.

2
Case No.: 5:14-cv-02041-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Defendant's alleged failure to pay for the chia and repudiation of the Sales Contract, frustrating Plaintiff's expectation of payment. See id. at 4-5. In August 2014, Defendant filed the instant motion to dismiss based on lack of personal jurisdiction, improper venue, and invoking the doctrine of *forum non conveniens*. See Dkt. No. 11 ("Mot."). In September 2014, Plaintiff filed an opposition brief, and Defendant filed a reply brief. See Dkt. Nos. 20 ("Opp."), 24 ("Reply").

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(2)

Under Rule 12(b)(2), a defendant may move for dismissal based on lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Two independent limitations may restrict a court's power to exercise personal jurisdiction over a nonresident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process. Sher v. Johnson, 911 F.2d 1357, 1360 (9th Cir. 1990). California's statutory limitation is co-extensive with the outer limits of due process. See id. at 1361; Cal. Civ. Proc. Code § 410.10. Accordingly, the federal and state jurisdictional inquiries merge into a single analysis. See Rano v. Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir. 1993).

### B. Federal Rule of Civil Procedure 12(b)(3)

Under Rule 12(b)(3), a defendant may move for dismissal based on improper venue. Fed. R. Civ. P. 12(b)(3). Venue is governed by 28 U.S.C. § 1391. When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

### C. Motion to Dismiss Based on *Forum Non Conveniens*

Under the doctrine of *forum non conveniens*, "[a] district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." Lueck v. Sundstrand Corp., 236 F.3d 1137, 1142 (9th Cir. 2001). In a motion to dismiss based on the ground of *forum non conveniens*, the defendant must make a "clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002). The determination to dismiss under this doctrine is at the discretion of the district court. Lueck, 236 F.3d at 1143.

## III. DISCUSSION

In its Motion to Dismiss, Defendant sets forth three arguments: (1) this Court lacks personal jurisdiction over Defendant; (2) this venue is improper; and (3) under the doctrine of *forum non conveniens*, an adequate alternative forum exists in Toronto, Canada. Mot. at 2. Each basis for the motion will be addressed in turn.

### A. Personal Jurisdiction

Personal jurisdiction over an out-of-state defendant is proper if the exercise of the jurisdiction does not violate federal due process. In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 741 (9th Cir. 2013). To satisfy due process, the defendant must have "minimum contacts" with the forum state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Id. There are two kinds of jurisdiction that a court may exercise over an out-of-state defendant: general jurisdiction and specific jurisdiction. Martinez v. Aero Caribbean, 764 F.3d 1062, 1066 (9th Cir. 2014). For a corporation, general jurisdiction exists in the states where it is "essentially at home," such as its place of incorporation and principal place of business. Lightfoot v. Cendant Mortg. Corp., 769 F.3d 681, 689 (9th Cir. 2014). Specific jurisdiction exists when the corporation's activities in the forum state has given rise to the suit. Id.

4
Case No.: 5:14-cv-02041-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

"[T]he plaintiff bears the burden of demonstrating that the court has jurisdiction." In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d at 741. The plaintiff must make a prima facie showing of jurisdictional facts, and the court must resolve all disputed facts in the plaintiff's favor. Id.

### i.   General Jurisdiction

"To establish general jurisdiction, the plaintiff must demonstrate that the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." Id. "General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state are so constant and pervasive as to render it essentially at home in the state." Martinez, 764 F.3d at 1066.

In its motion, Defendant contends that Plaintiff has not met its burden to establish general jurisdiction in California. Mot. at 9. It further argues that even if the Sales Contract's governing law clause were applied, that only specifies the applicable law in the event of a dispute, but does not confer jurisdiction. Id. Plaintiff, however, does not offer an argument concerning general jurisdiction. Given the absence of an argument from Plaintiff, this Court presumes that Plaintiff concedes this point. Thus, there is no basis to invoke general jurisdiction.

### ii.   Specific Jurisdiction

To exercise specific personal jurisdiction over a defendant, the Ninth Circuit applies a three-prong test to determine whether a defendant has sufficient contacts to be susceptible to specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010). The plaintiff bears the burden of satisfying the first two prongs. Schwarzenegger v. Fred Martin Motor Co.,

5
Case No.: 5:14-cv-02041-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

374 F.3d 797, 802 (9th Cir. 2004).  If the plaintiff succeeds, then the burden shifts to the defendant to present a compelling case that the exercise of jurisdiction would be unreasonable.  Id.  Both prongs are discussed below.

*a. First Prong: Purposeful Availment*

To satisfy the first prong of the sufficient contacts test, a plaintiff must establish that the defendant either purposefully availed itself of the privilege of conducting activities in the forum state, or purposefully directed its activities toward the forum state.  Schwarzenegger, 374 F.3d at 802.  Purposeful availment and purposeful direction are two distinct concepts, with the former used in suits sounding in contract and the latter used in suits sounding in tort.  Id.

Here, Defendant relies on the "purposeful direction" standard, and briefly argues that the Ninth Circuit has cautioned against a broad application of the standard in cases involving foreign defendants.  Mot. at 9.  This action, however, concerns a breach of contract.  Since the Ninth Circuit has stated that cases primarily sounding in contract are typically analyzed under a "purposeful availment" standard, it is this standard that will be examined in this case.  See Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008).

"To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state."  Id.  Forming a contract with an out-of-state defendant is "not, standing alone, sufficient to create jurisdiction."  Id. at 1017.  Thus, courts "must look to prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing to determine if the defendant's contacts are substantial and not merely random, fortuitous, or attenuated."  Sher, 911 F.2d at 1362 (internal quotations and emphasis omitted).

Here, Plaintiff contends that Defendant has purposefully availed itself of the privilege of doing business in California.  Opp. at 5.  It argues that Defendant reached out to and negotiated with the California-based Plaintiff, and Defendant finalized the Sales Contract with Plaintiff's employees located in California.  Id. at 6.  Plaintiff further argues that the Sales Contract

6
Case No.: 5:14-cv-02041-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

established an ongoing business relationship where once per month for twelve months, Plaintiff was to tender organic chia to Defendant. Id. Furthermore, Plaintiff argues that over the course of 2013, the parties entered into at least seven additional contracts for the procurement of various organic food products, and Defendant negotiated these contracts with Plaintiff's employees located in California. Id.; see Dkt. No. 21, Declaration of Hendrik Rabbie ("Rabbie Decl."), Exhs. 1-7 (the "additional contracts"). Plaintiff claims that pursuant to three of these additional contracts, Defendant picked up the products in California. Id. at 7.

In response, Defendant argues that Plaintiff refused or was unable to deliver the organic chia pursuant to the Sales Contract, and when it was delivered, the product was nonconforming. Reply at 8. Defendant further argues that six of the seven additional contracts were not signed by Defendant or entered into by Defendant. Id. at 9. As to the seventh additional contract, Defendant contends that it never entered California, but instead sent a common carrier to pick up the product and deliver it to Defendant's warehouse in New York. Id.

This Court agrees with Plaintiff that Defendant has purposefully availed itself of the privilege of doing business in California. While the formation of a contract is not by itself sufficient, it is significant that Defendant negotiated the Sales Contract with a California-based Plaintiff, and the Sales Contract established a one-year long business relationship, at a value of $2.1 million, that required the procurement of a California-based product. Moreover, it is significant that the parties allegedly entered into at least seven additional contracts for the procurement of other California-based products. While it is true that six of the additional contracts do not bear Defendant's signature, that is an issue pertaining to the validity of the contracts and not one pertaining to the exercise of personal jurisdiction over Defendant. See Rabbie Decl., Exhs. 1-6.

At this pleading stage, Plaintiff must make a prima facie showing of jurisdictional facts, and this Court must resolve all disputed facts in Plaintiff's favor. Accordingly, Plaintiff has offered sufficient facts to demonstrate that Defendant has purposefully availed itself of the privilege of doing business in California, and has thus satisfied the first prong of the sufficient

contacts test.

### b. Second Prong: Claims Arising Out Of, or Related To, Forum Activities

The second prong of the sufficient contacts test assesses whether "the claim asserted in the litigation arises out of the defendant's forum related activities." Panavision Intern., L.P. v. Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1998). The Ninth Circuit has referred to this prong as a "but for" test. In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d at 742. "Under the 'but for' test, a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action." Id. Thus, the question is: "but for Defendants' contacts with California, would Plaintiff's claims have arisen?" CFA N. Cal., Inc. v. CRT Partners LLP, 378 F. Supp. 2d 1177, 1186 (N.D. Cal. 2005); see Panavision Intern., L.P. v. Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1998).

Here, Defendant contends that Plaintiff cannot meet this prong because of its untimely or nonconforming delivery of the organic chia. Mot. at 10; Reply at 10. In opposition, Plaintiff argues that its claims do arise out of Defendant's contacts with California because, in addition to the Sales Contract, the parties entered into at least seven additional contracts. Opp. at 7. Plaintiff further contends that Defendant's contacts with California include the negotiations of the allegedly-breached Sales Contract. Id.

As an initial matter, the Court will focus on the Sales Contract since that is the basis for Plaintiff's breach-of-contract claim. Thus, for the purpose of evaluating this second prong, the Court will not consider the seven additional contracts allegedly entered into by the parties.

The Sales Contract itself shows Plaintiff's address in California, Defendant's address in Canada, the terms of the organic chia purchase and delivery, a printed list of individuals associated with Plaintiff, and the signature of Defendant's representative along with the handwritten date of "Feb 19/2013" and place "Toronto, Canada." See Dkt. No. 2-1, Exh. 1. Plaintiff's breach-of-contract claim arises out of Defendant's alleged failure to accept delivery of the organic chia and refusal to pay. See Compl. at ¶ 25. Therefore, in answering the "but for" question: But for Defendant's negotiations with a California-based company to purchase organic chia, and its

participation in a Sales Contract to purchase organic chia that is procured from California, Plaintiff's claim for the alleged breach of the Sales Contract would not have arisen. Defendant's argument regarding Plaintiff's untimely or nonconforming delivery is unpersuasive because that pertains to the merits of the breach-of-contract claim, and not to the exercise of personal jurisdiction over Defendant.

Accordingly, resolving all disputed facts in Plaintiff's favor, Plaintiff has made a prima facie showing of jurisdictional facts to satisfy the second prong of the sufficient contacts test.

### c. Third Prong: Reasonableness

"Once the [plaintiff has] shown that the exercise of personal jurisdiction satisfies the first two prongs of the personal jurisdiction test, the burden shifts to the defendant to make a compelling case that the exercise of jurisdiction would be unreasonable." In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d at 745. To determine reasonableness, the Ninth Circuit considers the following factors:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

Id. Each factor will be addressed.

#### 1. Extent of Defendant's Purposeful Interjection Into the Forum State

In its motion, Defendant did not present an argument for this factor. In its reply brief, Defendant briefly argues that the exercise of jurisdiction must comport with fair play and substantial justice, and that jurisdictional rules should not be employed so as to make litigation gravely difficult and inconvenient such that a party is at a severe disadvantage. Reply at 10. Defendant further argues that it is unreasonable to subject it to personal jurisdiction because, through the Sales Contract and additional contracts, its contacts with California are minor. Id.

In opposition, Plaintiff argues that Defendant's interjection into California has been

significant because it initiated contract negotiations with Plaintiff, it agreed to undertake ongoing obligations under the contract by agreeing to ongoing deliveries of the organic chia, and it negotiated and entered into at least seven additional contracts with Plaintiff's employees based in California. Opp. at 8. Furthermore, with respect to three of the additional contracts, Defendant agreed to accept delivery in California, and Defendant agreed to a California choice-of-law provision in all of the contracts it negotiated with Plaintiff. Id.

Defendant's arguments are not compelling. Defendant entered into a $2.1 million Sales Contract with a California-based company whereby it agreed to purchase organic chia for a one-year period, and the organic chia is procured and shipped from California. Defendant's purposeful interjection into California is sufficient for it to know that a breach of its contractual obligation would result in injury towards Plaintiff in California. See Dole Food Co., 303 F.3d at 1114-15 (finding that there was sufficient purposeful injection where defendants knew that their scheme would injure plaintiff, whose principal place of business was in California, and where defendants engaged in repeated communications with plaintiff). Defendant has not shown unreasonableness. Thus, this factor weighs in favor of exercising jurisdiction.

2. Burden on Defendant in Defending in the Forum State

In its motion, Defendant contends that it would face a distinctly high burden to defend itself in California. Mot. at 10. It argues that, with the exception of Plaintiff, all of the witnesses and records to the transaction are located in Ontario, Canada. Dkt. No. 11, Declaration of Jerry Zeifman ("Zeifman Decl.") at ¶ 19. Defendant asserts that such records include: communications between the parties; records of Plaintiff's alleged untimely and nonconforming delivery; records of independent testing laboratories regarding the alleged nonconforming product; records pertaining to the rejection and/or revocation of acceptance of the nonconforming products; and records pertaining to the termination of the contract. Id. Moreover, Defendant relies on Asahi Metal Industry Co., Ltd. v. Superior Court of California, 480 U.S. 102, 114 (1987), for the proposition that burdens placed on those who defend in a foreign legal system should have significant weight in assessing reasonableness. Mot. at 10.

10
Case No.: 5:14-cv-02041-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

In opposition, Plaintiff contends that Defendant would not be burdened by litigation in California because Defendant has dealt directly and extensively with Plaintiff, a California company. Opp. at 8-9. Moreover, Plaintiff argues that almost all litigation activity prior to trial could be conducted electronically or telephonically, and to the extent that Defendant's witnesses need to travel to California, non-stop flights are available from Toronto, Ontario, Canada to San Francisco, California. Id. at 9. In response, Defendant argues that, likewise, Plaintiff can litigate this action electronically or telephonically, and can travel to Toronto. Reply at 11.

While Defendant—and Plaintiff—can travel and litigate remotely, it would be burdensome and inconvenient for Defendant, based in Ontario, Canada, to litigate this action in California. See Dole Food Co., Inc., 303 F.3d at 1115 (recognizing that it would be expensive and inconvenient for defendants, who live abroad, to defend themselves in California). Therefore, this factor weighs against exercising jurisdiction.

### 3. Extent of the Conflict with the Sovereignty of Defendant's State

Defendant does not present an argument as to this factor. Plaintiff, on the other hand, argues that there is no concern about the conflict of the sovereignty of Ontario or Canada because this is a basic breach-of-contract case that does not present delicate issues of sovereignty. Opp. at 9.

The Court agrees with Plaintiff. This action is a basic breach-of-contract case between two companies engaging in commercial dealings. There is no indication that this type of case would present a conflict with the sovereignty of either the Province of Ontario or Canada. Since Defendant has not presented an argument as to this factor, it weighs in favor of exercising jurisdiction.

### 4. Forum State's Interest in Adjudicating the Dispute

In its motion, Defendant relies on Asahi Metal Industry Co., Ltd. v. Superior Court of California, 480 U.S. 102, 114 (1987), to state that the Supreme Court has cautioned against an overly broad definition of a forum state's interest. Mot. at 10. In opposition, Plaintiff states that California has a substantial interest in ensuring that contracts involving its citizens are not

breached.  Opp. at 9.

California has a strong interest in providing a forum for its residents and citizens who have been injured by a contractual breach.  See Luberski, Inc. v. Oleficio F.LLI Amato S.R.L., 171 Cal. App. 4th 409, 419 (2009) ("California courts have a strong interest in enforcing contracts providing for performance within the state.").  Given that Plaintiff's principal place of business is California and that it entered into a contract to procure a product from California, it is very likely that Plaintiff will suffer injury in California when payment is not tendered.  See Dole Food Co., Inc., 303 F.3d at 1115-16 (noting that the state of the plaintiff's principal place of business is significant).  This is not an overly broad definition of California's interest with its residents.  Thus, this factor weighs in favor of exercising jurisdiction.

### 5. Most Efficient Judicial Resolution of the Controversy

Neither Defendant nor Plaintiff presented an argument as to this factor.  Relying on the current record, there is no one court that would be more efficient than another to resolve this dispute since it appears that there are witnesses and evidence located in both California and Canada.  See id. (witnesses in both locations do not provide either forum with a clear efficiency advantage).  Nonetheless, since Defendant has not presented an argument as to this factor, it weighs in favor of exercising jurisdiction.

### 6. Importance of the Forum to Plaintiff's Interest in Convenient and Effective Relief

In its motion, Defendant did not present an argument for this factor.  Plaintiff, on the other hand, argues that California would be a more convenient and effective forum for Plaintiff than Ontario, Canada.  Opp. at 9.  It argues that its witnesses are based in California, and that it would likely need to obtain new Canadian counsel if it had to refile this action in Ontario, Canada.  Id.  In response, Defendant appears to argue that it, likewise, would have to retain counsel in California.  Reply at 11.

Since this factor focuses on Plaintiff's convenience and avenue for relief, Defendant's sole argument that it would have to retain counsel in California is not persuasive.  Moreover, California

12
Case No.: 5:14-cv-02041-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

would certainly be the most convenient forum for Plaintiff to litigate this case given that it is a resident of the state and its witnesses and evidence are located in the state. Additionally, California would provide effective relief because the Sales Contract contains a California choice-of-law provision. Thus, this factor weighs in favor of exercising jurisdiction.

### 7. Existence of an Alternative Forum

In its motion, Defendant did not present an argument for this factor. In its reply brief, however, it argues that litigating in Canada would not be new for Plaintiff because Plaintiff has done so previously. Reply at 12. Moreover, Defendant offers a declaration from Richard J. Worsfold, L.L.B., who is a lawyer licensed to practice in the Province of Ontario, Canada. See Dkt. No. 26, Declaration of Richard J. Worsfold in Support of Defendant's Reply ("Worsfold Decl.") at ¶ 1. Mr. Worsfold is a partner at the law firm Basman Smith LLP— Defendant's counsel in Toronto, Canada in this action—and states that an alternative forum for this action would be the Superior Court of Justice in Toronto, Canada. Id. at ¶¶ 5, 10. Mr. Worsfold asserts that the Superior Court of Justice is among the most respected courts in Canada and the world, it frequently hears and adjudicates commercial disputes among businesses, and it has the capacity to apply foreign law specified in choice-of-law contractual provisions. Id. at ¶¶ 8-9.

If this action is not litigated in California, then the only alternative forum is a court in Ontario, Canada. Since Defendant has offered a declaration from a licensed attorney in Canada, this is sufficient for Defendant to persuasively argue that an alternative forum exists in the Superior Court of Justice in Toronto. Therefore, this factor weighs against exercising jurisdiction.

### 8. Conclusion as to Reasonableness

In evaluating the reasonableness factors as a whole, only two factors favor Defendant—the burden on Defendant and the existence of an alternative forum. By its nature, however, the factor regarding the burden on the defendant will likely favor a foreign defendant every time personal jurisdiction is considered. Dole Food Co., 303 F.3d at 1117. Accordingly, Defendant has not made a compelling case that the exercise of jurisdiction in California would be unreasonable.

### iii. Conclusion as to Personal Jurisdiction

This Court will not exercise general jurisdiction over Defendant because Plaintiff appears to concede that such jurisdiction does not apply. This Court will, however, exercise specific jurisdiction over Defendant because Defendant purposefully availed itself of the privilege of conducting activities in California, Plaintiff's breach-of-contract claim is one that arises out of or relates to Defendant's activities in California, and the exercise of jurisdiction in California is reasonable. Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

### B. Venue

Generally, venue is proper in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2). If there is no district that satisfies either of these conditions, then venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). If venue is improper, then the district court must dismiss the case or transfer it. 28 U.S.C. § 1406(a).

Here, Defendant contends that this action should be dismissed because venue is improper. Mot. at 10. It argues that the Northern District of California is improper because Defendant does not reside in the district, a substantial part of the events giving rise to the claims did not occur in the district, and Defendant is not subject to personal jurisdiction in California. Id. at 11. Moreover, Defendant argues that venue is more appropriate in Canada. Id.

In the case of a foreign defendant, Section 1391 provides: "a defendant not resident in the United States may be sued in any judicial district[.]" 28 U.S.C. § 1391(c)(3). It is undisputed that Defendant is not a resident of the United States, thus any judicial district in the United States would be a proper venue. Given that this Court can exercise personal jurisdiction over Defendant, then the Northern District of California is a proper venue. Accordingly, Defendant's motion to dismiss for improper venue is DENIED.

14
Case No.: 5:14-cv-02041-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

### C. Doctrine of *Forum Non Conveniens*

"A party moving to dismiss based on *forum non conveniens* bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." Dole Food Co., Inc., 303 F.3d at 1118. This doctrine is "an exceptional tool to be employed sparingly, not a doctrine that compels plaintiffs to choose the optimal forum for their claim." Id.

#### i. Adequate Alternative Forum

An adequate alternative forum exists "when it provides the plaintiff with a sufficient remedy for his wrong" and "when defendants are amenable to service of process in the foreign forum." Id.

In its motion, Defendant argues that the Superior Court of Justice in Toronto, Ontario, Canada provides an adequate alternative forum. Mot. at 12. While Plaintiff argued that Defendant offered no admissible evidence as to the existence of an adequate alternative forum, Defendant included in its reply brief Mr. Worsfold's declaration vouching for the adequacy of the Superior Court of Justice. See Opp. at 10; Worsfold Decl. at ¶¶ 8-9.

As discussed above, Defendant's argument of the existence of an adequate alternative forum is persuasive. Therefore, Defendant has met its burden of showing the existence of an adequate alternative forum.

#### ii. Private Interest Factors

The Ninth Circuit has identified the following private interest factors to consider: "ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses; and likelihood of a fair trial." Dole Food Co., Inc., 303 F.3d at 1119.

Defendant argues that all of its witnesses, records, and physical evidence are located in Ontario, Canada; the California forum is inconvenient; and that the most practical and inexpensive location to litigate this action would be in Canada. Mot. at 12-13. In opposition, Plaintiff argues that the majority of communications between the parties occurred by email, which is easily

accessible in California or Canada; Defendant's records and reports can be electronically scanned and emailed to Plaintiff's counsel; the residence of potential witnesses may be evenly split between California and Canada; and there is no indication that litigating in Canada would be less expensive than in California. Opp. at 11.

Given the extraordinary remedy of dismissing this action so that Plaintiff can re-file in Canada, Defendant has not met its burden of showing that the private interest factors favor dismissal. Defendant will be able to electronically or physically mail its records and physical evidence to California, relevant witnesses will be able to travel to California, and the likelihood of obtaining a fair trial in California is very high. Defendant has not shown that litigating in California would be so extraordinarily burdensome and inconvenient so as to warrant this extraordinary measure. Therefore, the balance of these factors does not favor dismissal.

### iii.    Public Interest Factors

The Ninth Circuit has also identified the following public interest factors to consider: "court congestion, local interest in resolving the controversy, and preference for having a forum apply a law with which it is familiar." Dole Food Co., Inc., 303 F.3d at 1119.

Defendant argues that this action should be litigated in Canada because this Court is a busy court. Mot. at 13. In opposition, Plaintiff argues that there is no reason to believe that the Superior Court of Justice in Toronto is any less busy, or that this Court would be incapable of efficiently adjudicating this matter. Opp. at 11.

As with the private interest factors, Defendant has not met its burden of showing that the public interest factors favor dismissal. Court congestion is not a concern given that this Court is capable of presiding over this case, there is local interest since this action concerns a California-based company, and there is a preference for having this Court preside over the action because the Sales Contract contains a choice-of-law provision that invokes California substantive law. Therefore, the balance of these factors does not favor dismissal.

### iv.    Conclusion as to *Forum Non Conveniens*

Dismissing an action on the ground of *forum non conveniens* is an extraordinary measure

16
Case No.: 5:14-cv-02041-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

that is not easily invoked. Defendant has failed to meet its burden of showing that the balance of private and public interest factors favors dismissal, and therefore, Defendant's motion to dismiss based on the doctrine of *forum non conveniens* is DENIED.

IV. **CONCLUSION**

Based on the foregoing, Defendant's Motion to Dismiss is DENIED. Defendant shall file an answer within fifteen days of the date of this order.

The Court schedules this case for a case management conference at **10:00 a.m. on April 9, 2015**. The parties shall file a joint case management conference statement on or before April 2, 2015.

**IT IS SO ORDERED.**

Dated: March 23, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-02041-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS